# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:18-cr-00074-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| ANGELICA MARIE NERIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's renewed Motion to Seal [Doc. 78]; the Government's Motion to Seal Response to Motion for Compassionate Release and Related Exhibits [Doc. 89]; and the Defendant's Motion to Seal Reply and Related Exhibits in Support of Motion for Sentence Reduction [Doc. 92].

## I.     BACKGROUND

The Defendant, through counsel, has moved the Court for a reduction of her sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 74].  The Defendant also moved for leave to file under permanent seal her Motion to Reduce Sentence, the Memorandum of Law in Support of Motion to Reduce Sentence, and supporting exhibits A, B, C, D, E, F, G, H,

and I. [Doc. 73]. The Court denied the Defendant's Motion to Seal, directed the Clerk to unseal the Motion to Reduce Sentence, and directed the Defendant to refile her sealing request. Specifically, the Court stated:

> [T]he Defendant has failed to provide a sufficient basis as to why less drastic alternatives to wholesale sealing would not be effective. The Defendant provides only grounds for why, at best, only *portions* of her filings may be sealed. However, even when grounds are sufficient to allow sealing only portions of a pleading, a defendant is still required to file a publicly accessible version of the pleading that redacts only those portions allowed to be sealed. See [United States v.] Harris, 890 F.3d [480,] 491-92 [(4th Cir. 2018)]. Further, the Defendant's Motion to Seal fails to identify with sufficient specificity the applicable portions sought to be sealed necessary to allow for findings specific enough to determine whether the sealing of those portions is consistent with the First Amendment or common law right to public access. Generally, the more central a piece of information is to the relief a defendant seeks, the greater the public's right to know that information and the less the defendant's right to have such information sealed.

[Doc. 77 at 3]. The Court further directed the Defendant to file publicly accessible versions of her brief and exhibits, redacting only those portions sought to be sealed.

The Defendant now renews her motion to seal portions of the Memorandum of Law in support of the Motion to Reduce Sentence and its supporting exhibits. [Doc. 78].

2

The Government filed its Response to the Defendant's Motion to Reduce Sentence on April 21, 2026. [Doc. 84]. The Government moves to seal portions of this Response as well as two of the exhibits submitted in support thereof. [Doc. 89].

The Plaintiff filed her Reply on May 8, 2026. [Doc. 93]. The Plaintiff moves to seal portion of her reply as well Exhibits A, B, and C to that Reply. [Doc. 92]. In every instance, the parties have submitted redacted versions of the documents they seek to seal.

## II.  STANDARD OF REVIEW

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored

3

to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, the defendant is still required to file in the public record a redacted pleading with only those portions that are allowed to be sealed having been redacted. United States v. Harris, 890 F.3d 480, 491-92 (4th Cir. 2018).

## III. DISCUSSION

In seeking a sentence reduction, the Defendant invokes § 1B1.13 of the United States Sentencing Guidelines, which sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. Specifically, the Defendant invokes U.S.S.G. § 1B1.13(b)(4) as a basis for relief. That provision provides, in pertinent part, as follows:

(4)   Victim of Abuse.—The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

(A)   sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the

4

> conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or
>
> (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to §1B1.1 (Application Instructions);
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

U.S.S.G. § 1B1.13(b)(4).

By their motions, the parties seek to restrict from public view *any* reference to the basis for which the Defendant seeks relief, including references to case law, statutes, and the relevant Sentencing Guideline provisions. As a result, the parties have presented redacted briefs and exhibits that are largely blacked out, preventing the public from gleaning any idea of the basis of the Defendant's request for a sentence reduction.

The Court understands the extremely sensitive nature of the underlying factual allegations in this case. However, the Defendant cannot seek compassionate release in secret. The Defendant has made very serious accusations against BOP staff members, although to date her allegations have not resulted in a criminal conviction or a finding of civil or administrative liability in her favor. Given the sensitive nature of these allegations, the Court finds that the particular details of the alleged acts of abuse should be

5

protected from public disclosure.  However, the fact that the Defendant is seeking a reduction of her 210-month term of imprisonment to a sentence of time served based upon allegations of sexual abuse by correctional staff should be, and shall be, a matter of public record.

In short, the parties' Motions to Seal are overbroad.  The Motions to Seal will be granted only to the extent that the parties shall be permitted to redact those portions of the briefs and exhibits that explicitly describe the alleged acts of abuse.  If the Defendant wishes to pursue the extraordinary relief of compassionate release, she must be willing to assert her reasons on the public docket.

**IT IS, THEREFORE, ORDERED** that the Defendant's renewed Motion to Seal [Doc. 78]; the Government's Motion to Seal Response to Motion for Compassionate Release and Related Exhibits [Doc. 89]; and the Defendant's Motion to Seal Reply and Related Exhibits in Support of Motion for Sentence Reduction [Doc. 92] are **GRANTED IN PART** and **DENIED IN PART** in accordance with this Order.  The Motions are **GRANTED** to the extent that, within seven (7) days of the entry of this Order, the parties shall file amended redacted briefs, redacting only those portions which explicitly describe the alleged acts of abuse.  If the parties fail to comply within the

time required, the Court will direct the Clerk to unseal all of the filings previously filed under provisional seal.

**IT IS SO ORDERED.**

Signed: 8/10/2026

Martin Reidinger
Chief United States District Judge